**Thomas & Solomon LLP**
THE EMPLOYMENT ATTORNEYS

June 14, 2013

*By Electronic Filing (ECF) Only*

Catherine O'Hagan Wolfe, Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Roach v. T.L. Cannon Corp.*, No. 13-1383 (pet. filed Apr. 12, 2013)
              Supplemental Authority Letter under Rule 28(j)

Dear Madam Clerk:

      Plaintiffs-appellants respectfully call the Court's attention to the recent decision in *Leyva v. Medline Industries Inc.*, ___ F.3d ___, 2013 WL 2306567 (9th Cir. 2013).

      *Leyva* squarely rejects the proposition, embraced by the district court in this case, that the need for individualized damages calculations defeats class certification. *See id.* at *3 ("[T]he presence of individualized damages cannot, by itself, defeat class certification under Rule 23(b)(3)."). *Leyva* recognizes that, because "damages determinations are individual in nearly all wage-and-hour class actions," to hold otherwise would effectively bar the certification of virtually all wage-and-hour classes. *Id.*

      The Ninth Circuit also considered the Supreme Court's recent decision in *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013), which was the basis for the district court's decision to deny certification here. *Comcast*, the Ninth Circuit rightly noted, stands for the "the plaintiffs must be able to show that their damages stemmed from the defendant's actions that created the legal liability," *Leyva*, 2013 WL 2306567, at *3 — not the proposition, adopted by the district court here, that plaintiffs must offer a "model of damages susceptible of measurement across the entire putative . . . class." Dkt. 114 (Pet. App. 1, at 9-10).

      By rejecting the rule the district court applied in this case and by distinguishing *Comcast*, *Leyva* bolsters plaintiffs' "substantial showing that the district court's decision is questionable," *In re Sumitomo Copper Litig.*, 262 F.3d

134, 139 (2d Cir. 2001), which is one of the reasons why review is warranted here. *See* Pet. 10-16.

For the foregoing reasons, as well as those discussed in plaintiffs-appellants' Petition, this Court should grant the petition to appeal under Rule 23(f).

Dated: June 14, 2013

Respectfully submitted,

J. Nelson Thomas
Michael J. Lingle
Annette Gifford
THOMAS & SOLOMON LLP
693 East Avenue
Rochester, NY 14607
(585) 272-0540

Scott Michelman
Michael T. Kirkpatrick
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

Frank S. Gattuso
Dennis G. O'Hara
O'HARA, O'CONNELL & CIOTOLI
7207 East Genesee Street
Fayetteville, NY 13066
(315) 451-3810

*Attorneys for Plaintiffs-Appellants*